WIMBERLY *v.* WIMBERLY.

4-6354                                    151 S. W. 2d 87

Opinion delivered May 12, 1941.

*Roy Gean* and *Myles Friedman,* for appellant.

*Hardin & Barton,* for appellee.

HUMPHREYS, J. On June the 11th, 1927, appellant and appellee inter-married at Fort Smith, Arkansas, and

a boy child was born to them who is nine and one-half years old. Appellant is thirty-six and his wife thirty-four years of age. Appellant has a dental practice which nets him $1,800 to $2,000 per annum. Appellee is also an earner, being a music teacher. They own a home jointly and together resided therein, with the child, until the 25th day of April, 1940, when appellee, without cause, removed the household goods to a cottage which she rented on Belle avenue in said city in which she took up her abode taking their child with her.

Appellant brought suit in the chancery court of Sebastian county on May 2, 1940, against appellee to obtain the custody of the child, alleging that it is to the best interest of the child that the care, custody and control of it be awarded to appellant with reasonable rights of visitation in appellee.

Appellee filed an answer denying that it is to the best interest of the child that its custody be awarded to appellant during the period of its tender years and praying that appellant be required to make contributions to her for its support and maintenance. No prayer for her support was requested in her answer.

On the 5th day of November, 1940, the cause was submitted to the court upon the sole issues of which should have the custody of the child, and in the event it was awarded to appellee, what amount appellant should be required to contribute to its support. Evidence was introduced pro and con responsive to these issues which resulted in a decree awarding its custody to appellee and an allowance of $30 a month from appellant for its support and maintenance, from which is this appeal.

So far as the record reflects appellee abandoned appellant without cause and took the child with her and refuses to return to their home with the child or to surrender its custody to appellant.

Appellee did not testify as to her reasons for leaving the joint home, and appellant testified that she had no cause for leaving.

Each introduced testimony showing a good moral character, love for and devotion to the child.

There is no evidence in the record tending to show that either had ever neglected the child or failed to perform his or her whole duty to it. On the contrary, appellant had been a good father and appellee a good mother and, judging from the past, the welfare of the child is safe and will be preserved in the custody of either. Each is physically able and otherwise capable of rearing the child. Each is intelligent, and both are earners.

The love that led them to the marriage altar and moved them to vow most solemnly that they would cling to each other forever is now paralyzed or dead, and this record is as silent as a tomb as to which is at fault.

A few days before the suit was instituted for the custody of the child the golden cord of love had been broken and, sad to say, they were living in separate homes. As a result of the separation they have surrendered their privilege of joint parents to rear and educate their child in a happy home to the direction of the courts in separate homes, seemingly without any thought of the unhappiness, humiliation, embarrassment and misery in store for their child. Courts, however, cannot compel parents to regard their marriage vows and live together, so the duty is imposed upon courts to grant divorces upon certain grounds and to award the custody of children to one or the other by statutory law in this state.

Our statute on the subject is § 6205 of Pope's Digest which is as follows: "Where the husband and wife are living apart, there may be an adjudication of the court as to their power, rights and duties with respect to the persons and property or their unmarried minor children. In such cases there shall be no preference between the husband and wife, but the welfare of the child must be considered first in determining the custody of such child, or the control of its property. Pending such adjudication the court may award the custody of the child and the control of its property to the father, or the mother as may be to the best interest of all concerned, regarding the interest of the child as of the first importance."

There is nothing in this case from which it can definitely be said that it is to the best interest of the child

for the mother to have custody of it, save and except the humanitarian rule which has most generally been adopted by the courts that during the period of tender years the child should be left in the care of the mother. The trial court who heard the testimony was of the opinion that the mother, appellee, should have the custody of it and that the father, appellant, should contribute $30 a month towards its support, and we agree with him because the child is now only nine and one-half years of age or within the period of tender years. During the period of tender years it is to the best interest of the child for the mother to have it.

In agreeing with the trial court, we are not placing our stamp of approval on the right of either spouse in any case to walk out of the house without cause and take the children with him or her.

No error appearing, the decree is affirmed.